# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIE JEFFERIES,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.<br><br>      Defendants. | Civil Action No.: 2:21-cv-03220-GEKP |

## DEFENDANT JOSEPH TREEGOOB'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, LILLIE JEFFERIES' FIRST AMENDED COMPLAINT

Defendant, Joseph Treegoob ("Treegoob" or "Answering Defendant"), by and through his undersigned counsel, hereby answers the Complaint of Plaintiff, Lillie Jefferies ("Jefferies" or "Plaintiff") as follows:[1]

## JURISDICTION, VENUE AND PARTIES

1. Admitted in part; denied in part. Treegoob admits only that Plaintiff purports to bring claims against Treegoob and the City of Philadelphia. Treegoob denies that Plaintiff's claims have merit.

2. Admitted in part; denied in part. Admitted to the extent that venue is proper in the Eastern District of Pennsylvania. The allegations are otherwise denied, including to the extent that Plaintiff suggests that her causes of action are meritorious.

3. Admitted, upon information and belief.

---

[1] Plaintiff included a multi-paragraph, unnumbered introduction in her First Amended Complaint. Treegoob denies the averments in that introduction, except that Treegoob admits that Plaintiff has filed a lawsuit against her employer. Moreover, the parties stipulated to dismiss Title VII claims against Treegoob and they were dismissed *with prejudice*. Inexplicably, Plaintiff has filed a Title VII claim (Count V) against Treegoob, again. This claim is *per se* invalid.

4. Admitted in part; denied in part. Treegoob admits that Plaintiff has pled the correct address for the Behavioral Health Department's principal address. Treegoob denies the remaining allegations in that they are conclusions of law to which no response is required.

5. Admitted in part; denied in part. The factual allegations in this paragraph are admitted. Treegoob denies the assertion that he was a "policymaker" as a legal conclusion and all other legal conclusions in this paragraph.

6. Denied. The allegations in this paragraph are conclusions of law to which no response is required.

7. Denied. The allegations in this paragraph are conclusions of law to which no response is required.

8. Denied. The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent the allegations could be deemed factual, they are denied.

9. Denied. The allegations in this paragraph are conclusions of law to which no response is necessary.

## **ADMINISTRATIVE PROCEDURES**

10. Admitted.

11. Admitted.

## **GENERAL ALLEGATIONS**

12. Denied. Treegoob lacks sufficient knowledge and information as to the allegations and they are therefore denied.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted in part; denied in part. Treegoob admits that he did not make sexually suggestive remarks regarding male employees. Treegoob denies that he made any such remarks about Plaintiff.

17. Denied.

## **OPERATIVE ALLEGATIONS**

18. Admitted in part; denied in part. Treegoob admits that Jefferies began working for the City in July 2016 and met with Treegoob. Treegoob denies any suggestion that the meeting was for any purpose other than to discuss his legitimate work expectations of Jefferies.

19. Denied.

20. Admitted in part; denied in part. Treegoob admits only that he gave Plaintiff a job assignment, which, by way of further answer, concerned the updating of a provider directory. Treegoob denies all other allegations in this paragraph, including the suggestion that the assignment was highly unusual.

21. Denied.

22. Denied.

23. Admitted in part; denied in part. Treegoob admits that he did not publicly disparage or demean any male employees. Treegoob denies all other allegations in this paragraph, including the assertion that he made demeaning and disparaging remarks regarding Plaintiff.

24. Denied. Treegoob denies that he made the remarks at issue. Treegoob lacks sufficient knowledge and information as to the allegations concerning Plaintiff's alleged interaction with David Lara.

25. Denied. Treegoob lacks sufficient knowledge and information as to the allegations concerning a "cat suit" joke, as Treegoob was not in the office on the day the joke was allegedly made.

26. Denied. By way of further answer, Treegoob notes that after he learned of the "cat suit" incident, Treegoob told Plaintiff that she need not worry about the incident because she had not violated any employment policy.

27. Denied.

28. Denied.

29. Admitted in part; denied in part. Treegoob admits that he did not remark on the looks or smells of any male employee. Treegoob denies all remaining allegations in this paragraph, including the assertion that he made any sexually suggestive remarks about Plaintiff.

30. Denied.

31. Denied. Treegoob denies that he treated Plaintiff in any sexually suggestive or disparaging manner. Treegoob lacks sufficient knowledge and information as to the allegations concerning Plaintiff's alleged interaction with Kevin Aleem.

32. Denied. Treegoob denies that he treated Plaintiff in any sexually suggestive or demeaning manner. Treegoob lacks sufficient knowledge and information as to the allegations concerning Plaintiff's alleged interaction with Lynette McMillan.

33. Denied. Treegoob denies that he forced Plaintiff to sit in usual proximity to him. Treegoob lacks sufficient knowledge and information as to the remaining allegations in this paragraph.

34. Denied. Treegoob lacks sufficient knowledge and information as to the remaining allegations in this paragraph.

35. Denied.

36. Denied. Treegoob lacks sufficient knowledge and information as to what Plaintiff reported to McMillan. Treegoob denies the remaining allegations in this paragraph as factually untrue.

37. Denied.

38. Admitted in part; denied in part. Treegoob admits that he did not make any sexually suggestive remarks toward male employees. Treegoob denies that he made any sexually offensive or suggestive remarks to Plaintiff and denies any other remaining allegations in this paragraph.

39. Denied. Treegoob lacks sufficient knowledge and information as to Plaintiff's interactions with McMillan. Treegoob denies the remaining allegations in this paragraph as factually untrue.

40. Denied.

41. Denied. Treegoob lacks sufficient knowledge and information as to Plaintiff's interactions with McMillan. Treegoob denies the remaining allegations in this paragraph as factually untrue.

42. Admitted in part; denied in part. Treegoob admits that he had a meeting with Williams and Plaintiff. Treegoob denies the remaining allegations in this paragraph. By way of further answer, the meeting occurred in relation to both Plaintiff and one of her fellow employees.

43. Denied.

44. Denied.

45. Denied.

46. Denied. Treegoob lacks sufficient knowledge and information as to Plaintiff's interactions with McMillan. Treegoob denies the remaining allegations in this paragraph as factually untrue, including any assertion that Treegoob engaged in sexual harassment.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

53. Admitted.

54. Admitted in part; denied in part. Treegoob admits only that he apologized for texting Plaintiff after work hours. The remaining allegations in this paragraph are denied.

55. Admitted in part; denied in part. Treegoob admits only that he commented on the fact that Plaintiff had worn a blonde wig one day at work. Treegoob denies the remaining allegations in this paragraph.

56. Admitted in part; denied in part. Treegoob admits only that he spoke with Plaintiff outside around August or early September of 2019. Treegoob denies the remaining allegations in this paragraph.

57. Admitted in part; denied in part. Treegoob admits only that Plaintiff had spoken to him concerning a police chief who was accused of being involved in a relationship with a coworker. Treegoob denies the remaining allegations in this paragraph.

58. Denied.

59. Denied. Treegoob lacks specific information needed to admit or deny the allegations in this Paragraph.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Admitted in part; denied in part. Treegoob admits that Plaintiff submitted a sexual harassment complaint. Treegoob denies the remaining allegations in this paragraph, including any assertion or suggestion that Plaintiff's complaint had any merit.

68. Admitted.

69. Denied.

70. Admitted in part; denied in part. Treegoob admits only that Plaintiff moved to a different cubicle. Treegoob lacks sufficient knowledge and information as to what Plaintiff may have requested from her employer. Treegoob denies all remaining allegations in this paragraph, including any assertion or suggestion that Plaintiff's allegations had merit.

71. Denied. Treegoob lacks sufficient knowledge and information as to the allegations in this paragraph.

72. Denied.

73. Admitted.

74. Admitted. By way of further answer, Treegoob disagrees with the Employee Relations Unit's conclusions, and is appealing its decision.

75. Denied. Treegoob lacks sufficient knowledge and information as to each and every step the City of Philadelphia took, or did not take, in regard to the investigation report and thus lacks sufficient knowledge and information to address the allegations concerning what steps the City may have taken. Treegoob denies all remaining allegations in this paragraph as factually false.

76. Denied. Treegoob lacks sufficient knowledge and information as to each and every step the City of Philadelphia took, or did not take, in regard to the investigation report and thus lacks sufficient knowledge and information to address the allegations concerning what steps the City may have taken. Treegoob further lacks sufficient knowledge or information regarding Plaintiff's allegation concerning a second Equal Employment Opportunity Commission charge of discrimination. Treegoob denies all remaining allegations in this paragraph as factually false.

77. Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

78. Denied.

## FEDERAL CLAIMS

### COUNT I: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
### Violation of 42 U.S.C. § 1983; 14th Amendment

79.-82. The allegations in these paragraphs pertain to a claim against a defendant besides Treegoob, and therefore no response is required from Treegoob. To the extent an answer is required, Treegoob denies these paragraphs in their entirety.

### COUNT II: PLAINTIFF V. DEFENDANT JOSEPH TREEGOOB, INDIVIDUALLY
### Violation of 42 U.S.C. § 1983; 14th Amendment

83. Treegoob incorporates the foregoing paragraphs as if the same were set forth at length herein.

84. Denied. The allegations in this paragraph are conclusions of law to which no response is required and are therefore denied.

85. Denied. The allegations in this paragraph are conclusions of law to which no response is required and are therefore denied.

**WHEREFORE**, Answering Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff, including denying the claims in Count II with prejudice, and awarding Answering Defendant his attorneys' fees, costs, and any other relief the Court deems just and proper.

### COUNTS III THROUGH VII

86.-103. The allegations in these paragraphs pertain to claims against a defendant besides Answering Defendant (Counts III, IV, VI, and VII) or a claim (Count V) that has been dismissed, and therefore no response is required from Answering Defendant. To the extent an answer is required, Answering Defendant denies these paragraphs in their entirety.

**WHEREFORE**, Answering Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff, including denying the claims made, and awarding Answering Defendant his attorneys' fees, costs, and any other relief the Court deems just and proper.

### GENERAL DENIAL

Answering Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted.

## ANSWERING DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of Plaintiff's Amended Complaint, Answering Defendant respectfully requests that:

(1) Plaintiff's claims be dismissed with prejudice and in their entirety;

(2) Each and every prayer for relief contained in the Complaint be denied;

(3) Judgment be entered in favor of Answering Defendant;

(4) All costs, including reasonable attorneys' fees, be awarded to Answering Defendant and against Plaintiff pursuant to applicable laws; and

(5) Answering Defendant be granted such other relief as this Court may deem just and proper.

**WHEREFORE**, Answering Defendant respectfully requests that this Honorable Court enter judgment dismissing the Amended Complaint of Plaintiff, with prejudice.

## ANSWERING DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Both Plaintiff's Complaint in its entirety and each individual count thereof fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has waived any and all alleged rights to the relief sought in the Complaint.

### Third Affirmative Defense

Plaintiff is estopped from obtaining any of the relief sought in the Complaint.

### Fourth Affirmative Defense

Plaintiff is barred from obtaining any of the relief sought in the Complaint by reason of the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff is barred from obtaining any of the relief sought in the Complaint by reason of Plaintiff's own wrongful conduct.

### Sixth Affirmative Defense

Plaintiff is barred from obtaining any of the relief sought in the Complaint by reason of the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff is barred from relief by virtue of Plaintiff's own violation of applicable laws and regulations.

### Eighth Affirmative Defense

Plaintiff is barred from recovery by reason of Plaintiff's own bad faith.

### Ninth Affirmative Defense

Defendants have at all times acted in good faith and with reasonable business justification.

### Tenth Affirmative Defense

Any relief to which Plaintiff may be entitled should be barred by any subsequently discovered evidence that would justify any alleged adverse employment action against the Plaintiff.

### Eleventh Affirmative Defense

Both Plaintiff's Complaint in its entirety and each individual count thereof are barred by the applicable statute of limitations.

### Twelfth Affirmative Defense

Defendants are protected by the doctrine of sovereign immunity.

### Thirteenth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any, and such damages claim is foreclosed.

### Fourteenth Affirmative Defense

Defendants complied with any and all employment laws in good faith and properly investigated the alleged sexual harassment, protecting them from liability under the Faragher-Ellerth defense.

### Fifteenth Affirmative Defense

Defendants acted reasonably and with due care at all times and in good faith and without malice and all actions taken by Defendants were for legitimate, non-discriminatory reasons.

### Sixteenth Affirmative Defense

Any future claims for punitive damages are barred because the alleged acts of Defendants fail to rise to the level required to sustain an award of punitive damages, and they do not evidence a malicious, reckless, or fraudulent intent to deny any protected right, and they are not so wanton or willful as to support an award of punitive damages. Any such award is also barred to the extent that it seeks an amount so excessive as to violate Defendants' rights to due process.

### Seventeenth Affirmative Defense

Any future claims for punitive damages are also barred by Defendants' efforts to comply with the laws against employment discrimination and to inform her supervisors of those efforts.

### Eighteenth Affirmative Defense

Defendants reserve the right to assert additional defenses as they become apparent through the course of discovery, investigation, and otherwise.

### Nineteenth Affirmative Defense

Individual liability as it relates to Answering Defendant does not exist under all and/or a portion of the statutory provisions underlying Plaintiff's purported claims.

**WHEREFORE**, Answering Defendant respectfully demands that this Honorable Court enter judgment in his favor and against Plaintiff as to her claims and grant such other relief as this Court deems just and appropriate, including costs and attorney's fees.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By: */s/ Mark T. Sottile*
Gaetan J. Alfano, Esquire
Christopher A. Iacono, Esquire
Mark T. Sottile, Esquire
1818 Market Street, Suite 3402
Philadelphia, PA 19103
*gja@pietragallo.com*
*cai@pietragallo.com*
*mts@pietragallo.com*
(215) 320-6200 (Telephone)
(215) 981-0082 (Fax)

*Counsel for Defendant*
*Joseph Treegoob*

Date: July 26, 2022