IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIE JEFFRIES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. **21-3220 (GEKP)** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**ANSWER TO THE AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT THE CITY OF PHILADELPHIA**

Defendant the City of Philadelphia ("Answering Defendant"), by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

**AS TO THE INTRODUCTION**

The allegations in this constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**JURISDICTION, VENUE AND PARTIES**

1. Admitted in part, denied in part. Admitted that jurisdiction in this Court is proper. Denied that Answering Defendant violated Plaintiff's constitutional or statutory rights.

2. Admitted in part, denied in part. Admitted that venue is proper. Denied that Answering Defendant violated Plaintiff's rights.

3. The allegations in this paragraph pertain to parties other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

4. Admitted in part, denied in part. Admitted that the City of Philadelphia is a municipal corporation existing under the laws of the Commonwealth of Pennsylvania. Admitted that

1

it is a city of the first class. Admitted that the Department of Behavioral Health and Intellectual disAbilities Services (DBHIDS) is a department of the City of Philadelphia with an office at 1101 Market Street, Suite 700, Philadelphia, PA 19106. The remaining allegations in this paragraph are denied.

5. Admitted in part, denied in part. Admitted that Joseph Treegoob in an adult male and supervisor within DBHIDS and that his office is located at 701 Market Street, fifth floor, Suite 200, Philadelphia, PA 19106. The remaining allegations are denied as legal conclusions.

6. The allegations in this paragraph constitute conclusions of law, and therefore, require no response.  To the extent a response is required, denied.

7. The allegations in this paragraph constitute conclusions of law, and therefore, require no response.  To the extent a response is required, denied.

8. The allegations in this paragraph constitute conclusions of law, and therefore, require no response.  To the extent a response is required, denied.

9. The allegations in this paragraph constitute conclusions of law, and therefore, require no response.  To the extent a response is required, denied.

## AS TO THE ADMINISTRATIVE PROCEDURES

10. Admitted.
11. Admitted.

## THE GENERAL ALLEGATIONS

12. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

13. Admitted.

14. Denied.

15. Denied.

16. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

17. The allegations in this constitute conclusions of law, and therefore, require no response. To the extent a response is required, denied.

## THE OPERATIVE ALLEGATIONS

18. Admitted, based on current information and belief.

19. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

20. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

21. Denied.

22. Denied.

23. Denied.

24. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

25. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

26. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

27. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

28. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

29. Denied.

30. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

31. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

32. Admitted in part, denied in part. Admitted that Plaintiff complained to Lynette McMillan on two occasions that Defendant Treegoob made unwanted comments. The remaining allegations in this paragraph are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

41. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
42. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
43. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
44. Denied.
45. Denied.
46. Denied.
47. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
48. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
49. Denied.
50. Denied.
51. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.
52. Denied as stated. Plaintiff sent the text message to Defendant Treegoob on June 21, 2019.
53. Admitted.
54. Admitted in part, denied in part. Admitted that Defendant Treegoob sent a text message to Plaintiff in response to her request to use a vacation day. Admitted that in the text message that he apologized to her for sending the message late at night. The remaining allegations in this paragraph are denied.

55. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

56. Denied.

57. Denied.

58. Denied.

59. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

60. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

61. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

62. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

63. Admitted in part, denied in part. Admitted that on September 25, 2019, Defendant Treegoob made an unwelcomed comment to Plaintiff. The remaining allegations are denied.

64. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

65. Admitted in part, denied in part. Admitted that some of Plaintiff's coworkers were present around the time Defendant Treegoob made the unwanted comment to Plaintiff. The remaining allegations in this paragraph are denied.

66. Admitted in part, denied in part. Admitted that some of Plaintiff's coworkers were present around the time Defendant Treegoob made the unwanted comment to Plaintiff. The remaining allegations in this paragraph are denied.

67. Admitted in part, denied in part. Admitted that Plaintiff submitted complaints to DBHIDS and to the Employee Relations Unit within the Mayor's Office. The remaining allegations in this paragraph are denied.

68. Denied. Plaintiff was immediately assigned to report directly to Ms. McMillan.

69. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

70. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

71. Admitted.

72. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

73. Admitted.

74. Admitted.

75. Denied.

76. Admitted in part, denied in part. Admit that a Plaintiff filed a second charge of discrimination and received a Notice of Right to Sue. The remaining allegations in this paragraph are denied.

77. Answering Defendant is without information sufficient to respond to the allegations in this paragraph. As such, they are denied.

78. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

## COUNT I

### ALLEGED VIOLATION OF 42 U.S.C. § 1983, FOURTEENTH AMENDMENT BY DEFENDANT CITY OF PHILADELPHIA

79. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

80. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

81. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

82. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

## COUNT II

### ALLEGED VIOLATIONS OF 42 U.S.C. § 1983, FOURTEENTH AMENDMENT BY DEFENDANT TREEGOOB

83. The allegations contained in this paragraph pertain to a party other than the Answering Defendant and, therefore, require no response. All allegations are therefore denied.

84. The allegations contained in this paragraph pertain to a party other than the Answering Defendant and, therefore, require no response. All allegations are therefore denied.

85. The allegations contained in this paragraph pertain to a party other than the Answering Defendant and, therefore, require no response. All allegations are therefore denied.

## COUNT III

**ALLEGED VIOLATION OF TITLE VII, U.S.C. § 2000e-2(a)(1)
BY DEFENDANT CITY OF PHILADELPHIA**

86. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

87. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

88. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

## AS TO COUNT IV

**ALLEGED VIOLATION OF TITLE VII, U.S.C. § 2000e-2(a)(2)
BY DEFENDANT CITY OF PHILADELPHIA**

89. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

90. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

91. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. All allegations are therefore denied.

## COUNT V

**ALLEGED VIOLATION OF TITLE VII, U.S.C. § 2000e-2(a)(2)
BY DEFENDANT JOSEPH TREEGOOB**

92 to 95.   The Court has dismissed this portion of Plaintiff's Complaint. *See* ECF No. 11.

## COUNT VI

**ALLEGED VIOLATION OF 42 Pa.C.S. § 955(a)
BY DEFENDANT CITY OF PHILADELPHIA**

96. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

97. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

98. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

99. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

## COUNT VII

### ALLEGED VIOLATION OF 42 Pa.C.S. § 955(d) BY DEFENDANT CITY OF PHILADELPHIA

100. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

101. Admitted.

102. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

103. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  All allegations are therefore denied.

**WHEREFORE,** Answering Defendant denies liability on the cause of actions declared herein, denies that Plaintiff is entitled to the requested relief and demands judgment in its favor on all counts plus interest and costs.

## ANSWERING DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred by the applicable statute of limitations and/or the doctrine of laches

### Third Affirmative Defense

Plaintiff may be estopped from obtaining any of the relief sought in the Complaint.

### Fourth Affirmative Defense

Plaintiff may have waived any and all alleged rights to relief.

### Fifth Affirmative Defense

Plaintiff's claims for relief may be barred due to Plaintiff's own wrongful conduct.

### Sixth Affirmative Defense

Answering Defendant may be protected by the doctrine of sovereign immunity.

### Seventh Affirmative Defense

Answering Defendant may be immune from liability due to affirmative defenses established by the Faragher-Ellerth cases.

### Eighth Affirmative Defense

Plaintiff's claim may fail because Plaintiff failed to take advantage of established preventative and corrective opportunities provided by Answering Defendant, or to otherwise avoid harm and mitigate her damages.

### Ninth Affirmative Defense

Answering Defendant reserves the right to assert additional defenses as they become apparent through discovery, investigation, and otherwise.

**WHEREFORE,** Answering Defendant denies liability on all counts and respectfully demands judgment in its favor plus interest and costs.

Respectfully submitted,

DATED: July 26, 2022

*/s/ Elizabeth U. Okakpu*
Elizabeth U. Okakpu
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102-5397

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I caused Defendant City of Philadelphia's Answer with Affirmative Defenses to Plaintiff's Amended Complaint to be filed, via ECF, and is available for downloading and viewing, and to be served upon the following counsel by electronic service via the court's ECF system.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: July 26, 2022 | */s/ Elizabeth U. Okakpu*<br>Elizabeth U. Okakp<br>Chief Deputy City Solicitor |